IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MICHAEL SHAVAR PAYTON,

Petitioner-Defendant,

v.  Civil Action No. 3:15-cv-46
Criminal Action No. 3:13-cr-15-001
(Judge Groh)

UNITED STATES OF AMERICA,

Respondent-Plaintiff.

# REPORT AND RECOMMENDATION/OPINION

## I. INTRODUCTION

On April 14, 2015, Michael Shavar Payton ("Petitioner"), proceeding *pro se*, filed a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Under 28 U.S.C. § 2255. (Civil Action No. 3:15-cv-46, Docket No. 1; Criminal Action No. 3:13-cr-15-001, Docket No. 128). On that same date, Petitioner was sent a Notice of Deficient Pleading instructing him to file his motion on correct forms per Local Rules of Prisoner Litigation Procedure 3.4. (Docket No. 131 at 1).[1] Petitioner filed a court approved form on April 23, 2015. (Docket No. 133). On April 30, 2015, the undersigned entered an Order directing Respondent to answer Petitioner's § 2255 motion. (Docket No. 137). Respondent filed its response on May 26, 2015. (Docket No. 140).

## II. Facts

A.  **Conviction and Sentence**

On May 21, 2013, a Grand Jury in the Northern District of West Virginia returned an

---

[1] From this point forward, unless noted otherwise, all docket entries refer to filings in Criminal Action No. 3:13-cr-15-001.

Indictment charging Petitioner on seven (7) counts. (Docket No. 1). On August 6, 2013, Petitioner appeared before now-retired United States Magistrate Judge David J. Joel to enter a plea of guilty pursuant to a written plea agreement. (Docket No. 76). In that plea agreement, Petitioner agreed to plead guilty to Count Seven of the Indictment (Docket No 76 at 1). Count Seven charged Petitioner with "aiding and abetting the distribution of 28 grams or more, that is, approximately 44.1 grams of a mixture and substance containing a detectable amount of cocaine base, also known as 'crack,' in violation of 21 U.S.C. §§ 841 (a)(1), 841 (b)(1)(B), and 18 U.S.C. § 2." Id. On November 4, 2013, District Judge Gina M. Groh sentenced Petitioner to sixty (60) months imprisonment followed by four (4) years of supervised release. (Docket No. 112 at 2-3).

**B.     Direct Appeal**

Petitioner did not file a direct appeal.

**C.     Habeas Corpus Motion**

*1. Petitioner's § 2255*

Petitioner asserts his § 2255 Motion based on the following grounds:

> (1)    "By the government placing in defendant's plea agreement/contract a waiver of his appeal/collateral attack rights . . . it creates a conflict of interest. . . . It is constructive fraud when the Government knowingly remains silent on the issue."
>
> (2)    "Ineffective assistance of counsel, for defense counsel to allow his client to waive his rights to such a waiver it is an 'Ethical Breach' by defense counsel."
>
> (3)    "The petitioner requests to proceed . . . on the grounds Pursuant to 28 U.S.C. § 2255(f)(4). Defendant is past his one year of statute of limitation. The United States Attorney General (Eric Holder) has handed down a memo instructing his United States Attorneys to not place waivers to appeal in

2

> plea agreements/contracts on Oct. 14, 2014 well after Mr. Payton signed his plea agreement/contract. Hence, Mr. Payton request[s] to proceed pursuant to 28 U.S.C. § 2255 (f)(4)."

(Docket No. 133 at 5-8) (alterations to original). Regarding timeliness, Petitioner asks the Court to "vacate and/or set aside conviction based on conflict of interest/fraud created by Assistant United States Attorney." (Docket No. 133 at 13). Additionally, Petitioner asserts his sentence on November 4, 2013 was "11 months before he became awear [sic] of the conflict of interest/fraud committed by the Assistant United States Attorney [and should] [t]herefore . . . be granted for Holder's instruction being passed down after his sentence." (Docket No. 133 at 19) (alterations to original).

### 2. Government's Response

In opposition to Petitioner's § 2255 Motion, Respondent asserts that "Petitioner's reliance upon § 2255(f)(4) is misplaced" stating that "Petitioner could have filed a § 2255 petition containing an ineffective assistance of counsel claim prior to October 14, 2014, and thus prior to November 19, 2014." (Docket No. 140 at 5). Additionally, Respondent states that ". . . the October 14, 2014 memorandum of the deputy attorney general. . . merely required federal prosecutors to explicitly do what Fourth Circuit case law had already done for nearly ten years." Id. Respondents assert that Petitioner's statute of limitations ran on November 19, 2014. Id. Thus, Respondents claim "the instant petition filed nearly five months [after November 19, 2014] is untimely." Id. Consequently, Respondent asserts Petitioner should be denied a writ of *habeas corpus* and the instant case should be dismissed with prejudice. (Docket No. 140 at 6).

### III. Analysis

A one-year statute of limitations applies to all petitions brought under § 2255. Under 28 U.S.C. § 2255(f), the limitations period has four possible starting dates. The limitations period begins

3

from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255(f)(1)-(4).

Regarding subsection one, a judgment becomes final: (1) when the opportunity to appeal the district court's judgment expires; (2) "when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction;" or (3) when the United States Supreme Court denies certiorari. United States v. Clay, 537 U.S. 522, 524-25, 32 (2003). Here, Petitioner was sentenced on November 4, 2013 and judgment was entered on November 5, 2013. Petitioner did not file a direct appeal. Accordingly, the statute of limitations under § 2255(f)(1) began to run on November 19, 2013. See Fed. R. App. P. 4(b)(1)(A)(i) (mandating that notice of an appeal be filing within fourteen (14) days of the entry of the judgment or order being appealed). Consequently, Petitioner filed his motion **four (4) months and twenty-six (26) days** after the statute of limitations under § 2255(f)(1) expired. Thus, Petitioner cannot rely on subsection § 2255(f)(1) to render his motion timely filed.

4

Regarding subsection two of § 2255(f), Petitioner does not allege that the Government created an impediment to his ability to timely file a § 2255 motion. Furthermore, Petitioner does not raise a claim regarding a newly recognized right that has been made retroactively applicable to cases on collateral review. (Docket No. 140 at 3). Thus, § 2255(f)(2)-(3) do not apply.

Petitioner invokes § 2255(f)(4) by stating Attorney General Eric Holder's memorandum to United States Attorneys on October 14, 2014 is new evidence. Specifically, Petitioner states:

> "On October 14, 2014 Attorney General Eric Holder ("Holder") directed his federal prosecutors not to enforce collateral attack waivers in existing plea agreements. . . . This would now allows [sic] those who have been prevented from raising ineffective assistance of counsel claims in a 28 U.S.C. § 2255 to file their claims."

(Docket No. 133 at 16).

Additionally, Petitioner cites to Wood v. Milyard, 132 S. Ct. 1826, 1833 (2012). In Wood, the Court found that the Tenth Circuit abused its discretion when it dismissed Wood's petition as untimely. Wood, 132 S. Ct. at 1834. Wood filed a federal habeas corpus petition and the State informed the District Court that it would not challenge but also would not concede the timeliness of the petition. Id. at 1829. The District Court rejected Wood's claims on the merits, and the Tenth Circuit directed the parties to brief the issue of timeliness on appeal. Id. The Tenth Circuit ultimately affirmed the denial of Wood's petition solely on grounds of untimeliness. Id. The Supreme Court found that no court was at liberty "to bypass, override, or excuse a State's deliberate waiver of a limitations defense." Id. at 1830 (quoting Day v. McDonough, 547 U.S. 198, 202, 210, n. 11). In essence, "the State knew it had an 'arguable' statute of limitations defense, yet it chose, in no uncertain terms, to refrain from interposing a timeliness "challenge" to Wood's petition." Id. at 1835.

Here, Wood is not analogous to Petitioner's case. First, Petitioner's case is not at the

appellate level as was the petitioner's case in <u>Wood</u>. Second, in the instant case, the government was directed by the Court to address the issue of timeliness. In <u>Wood</u>, the government was not specifically directed to address an issue of timeliness of the petition. Third, in this case, the government has asserted that Petitioner's motion is untimely. This is unlike <u>Wood</u> because the state did not challenge nor concede the timeliness of Wood's habeas petition. <u>Wood</u>, 132 S. Ct. at 1829. Therefore, given that <u>Wood</u> is not analogous to Petitioner's case, <u>Wood</u> provides no relief to Petitioner regarding the untimeliness of his motion.

Pursuant to <u>United States v. Martinez</u>, 136 F.3d 972, 979-80 (4th Cir. 1998), <u>cert. denied</u> 524 U.S. 960 (1998), a defendant may raise a claim of ineffective assistance of counsel: "(1) in a motion for a new trial based on anything other than newly discovered evidence; (2) on direct appeal if an only if it conclusively appears from the record that his counsel did not provide effective assistance; and (3) by a collateral challenge pursuant to 28 U.S.C § 2255." Additionally, in <u>United States v. Lemaster</u>, 403 F.3d 216, 220 (4th Cir. 2005), the court found that if a waiver of collateral-attack rights was knowing and voluntary, defendant could not challenge his or her conviction or sentence in a § 2255 motion. Ineffective assistance in the context of a guilty plea may be addressed even when matters involved would be waived under the plea. See <u>Lemaster</u>, 403 F.3d at 221-22.

Paragraph eleven (11) of Petitioner's plea agreement contained a general waiver of collateral attack rights stating in relevant part:

> "Mr. Payton is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, the defendant knowingly. . . waives the right to collaterally attack his sentence including but not limited to a motion brought under Title 28, United States Code, Section 2255. . . ."

(Docket No. 76 at 4). Here, under <u>Lemaster</u>, Petitioner could have filed a § 2255 petition containing

a claim for ineffective assistance of counsel well before Attorney General Eric Holder issued his October 14, 2014 memorandum. Petitioner certainly could have filed a § 2255 motion prior to November 19, 2014 (the end of his one year statute of limitations period). Therefore, the general waiver Petitioner signed did not bar him from timely raising an ineffective assistance of counsel claim in a § 2255 motion.

Furthermore, the October 14, 2014 memorandum from Attorney General Holder did not establish new law. Rather, the memorandum restated what has already been held in case law. The memorandum states in relevant part:

> "For cases in which a defendant's ineffective assistance claim would be barred by a previously executed waiver, prosecutors should decline to enforce the waiver when defense counsel rendered ineffective assistance resulting in prejudice or when the defendant's ineffective assistance claim raises a serious debatable issue that a court should resolve."

(Docket No. 140-1 at 1). Accordingly, the memorandum merely caused Department of Justice policy to mirror the law established by the Fourth Circuit and other federal courts. The memorandum did not establish new facts or new rights. Petitioner has not alleged any new facts that would allow him to benefit from § 2255(f)(4). Consequently, pursuant to § 2255(f)(4), Petitioner's statute of limitations expired on November 19, 2014, and his § 2255 motion is untimely by **nearly five (5) months**.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civil Action No. 3:15-cv-46, Docket No. 1; Criminal Action No. 3:13-cr-15-001,Docket No. 128) be **DENIED** and **DISMISSED WITH PREJUDICE** as untimely filed.

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Gina M. Groh, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Petitioner Michael Shavar Payton.

DATED: June 8, 2014

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE