# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**MICHAEL SHAVAR PAYTON,**

    Petitioner,

v.                              **CIVIL ACTION NO.: 3:15-CV-46**
                                 **CRIMINAL ACTION NO.: 3:13-CR-15-1**
                                 **(GROH)**

**UNITED STATES OF AMERICA,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge John S. Kaull. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Kaull for submission of a proposed R&R. Magistrate Judge Kaull issued his R&R on June 8, 2015. ECF No. 6 in 3:15-CV-46; ECF No. 141 in 3:13-CR-15-1. In the R&R, Magistrate Judge Kaull recommends that the Petitioner's Court-approved form motion under 28 U.S.C. § 2255 [ECF No. 5 in 3:15-CV-46; ECF No. 133 in 3:13-CR-15-1] be denied and dismissed with prejudice. The Petitioner did not object to the magistrate judge's R&R.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. See Thomas v. Arn, 474 U.S. 140,

150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and of a petitioner's right to appeal this Court's Order. See 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Objections to Magistrate Judge Kaull's R&R were due within fourteen plus three days of the Petitioner being served with a copy of the same. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Shortly after Magistrate Judge Kaull issued his R&R, the Petitioner sent this Court a notice of change of address. Subsequently, the Court ordered that the Clerk's Office resend a copy of the R&R to Federal Correctional Institution, Ashland, where the Petitioner is currently incarcerated. Service was accepted at that facility on July 24, 2015. Therefore, after allowing for additional time to ensure personal receipt, the Court finds that the deadline for the Petitioner to submit objections to the R&R has passed. No objections have been filed. Accordingly, this Court will review the R&R for clear error.

Magistrate Judge Kaull recommends that the Petitioner's motion be denied and dismissed as untimely. Before dismissing a prisoner's petition as untimely, "a court must accord the parties fair notice and an opportunity to present their positions." Day v. McDonough, 547 U.S. 198, 210 (2006). Additionally, a court should consider the prejudice to the movant and whether the interests of justice would be better served by addressing the petition on the merits. Id. Notice to, and input from, a prisoner is particularly important when the prisoner is proceeding *pro se*. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002). In the instant case, the Petitioner explicitly addressed the timeliness issue in his § 2255 motion, in an attempt to preempt the Respondent's statute of limitations argument. In an addendum to his Court-approved form motion, in a section labeled "Timeliness of

Motion," the Petitioner argued that his § 2255 motion was timely pursuant to § 2255(f)(4), as he did not become aware of certain facts concerning his cause of action until October of 2014. Prior to issuing his R&R, Magistrate Judge Kaull entered an order directing the Respondent to address the Petitioner's timeliness arguments. In response, the Respondent argued that the Petitioner's motion was untimely and should be dismissed with prejudice. Upon reviewing the arguments of both parties, the magistrate judge recommended dismissal. As noted, the Petitioner has not filed objections to the magistrate judge's R&R. Accordingly, upon considering the interests of justice and any potential prejudice to the Petitioner, the Court finds that dismissal is appropriate.

Pursuant to 28 U.S.C. § 2255(f), the one-year period of limitation that applies to motions under that section shall run from the latest of the following four events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

This Court sentenced the Petitioner to a sixty-month term of incarceration on November 4, 2013, and the Court's judgment order was entered on November 5, 2013. The Petitioner did not file a direct appeal. Accordingly, the statute of limitations under § 2255(f) ran from November 19, 2013, the date of the expiration of the fourteen-day period in which the Petitioner could have filed an appeal pursuant to Federal Rule of Appellate Procedure

4(b)(1)(A)(i).  See United States v. Johnson, 203 F.3d 823 (4th Cir. 2000) (per curiam) (unpublished) ("A movant has one year from the date on which the judgment of conviction becomes final to file a motion under § 2255.  Where, as here, a defendant does not pursue a direct appeal, the conviction becomes final when the time expires for filing a direct appeal.").

The Petitioner's motion under § 2255 was not filed with this Court until April of 2015,[1] more than four months after the statute of limitations under § 2255(f)(1) expired.  The Petitioner argues that the statute of limitations should not be calculated from the date his judgment of conviction became final under § 2255(f)(1).  Instead, he argues that, under the other subsections of § 2255(f), the one-year period should be calculated from October 14, 2014, the date former Attorney General Eric Holder issued a memorandum concerning collateral attack waivers in plea agreements.  As the Respondent argues and as Magistrate Judge Kaull found, however, Attorney General Holder's memorandum did not establish new law or create new rights in this circuit, and it did not constitute new facts previously undiscoverable to the Petitioner through the exercise of due diligence.  This Court has carefully reviewed the entirety of the R&R, together with the record in this case, and finds no clear error.

Accordingly, the Court finds that Magistrate Judge Kaull's Report and Recommendation [ECF No. 6 in 3:15-CV-46; ECF No. 141 in 3:13-CR-15-1] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein.  The Court

---

[1] Pursuant to the "prison mailbox rule," the date an inmate delivers a document to prison officials for forwarding to the clerk of court is considered to be the date of filing.  See Houston v. Lack, 487 U.S. 266, 276 (1988).  Here, the Petitioner's first motion under § 2255 was received by this Court on April 14, 2015.  The Petitioner dated that motion April 13, 2015.  The Petitioner later submitted a Court-approved form motion, which was received by the Court on April 23, 2015, and was dated April 21, 2015.

**ORDERS** that the Petitioner's Court-approved form motion under 28 U.S.C. § 2255 [ECF No. 5 in 3:15-CV-46; ECF No. 133 in 3:13-CR-15-1] be **DENIED** and **DISMISSED WITH PREJUDICE**. This matter is **ORDERED STRICKEN** from the active docket of this Court. The Clerk is **DIRECTED** to enter a separate judgment order in favor of the Respondent.

The Petitioner has not met the requirements for issuance of a certificate of appealability. A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a district court denies a petitioner's claims on the merits, then "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "If, on the other hand, the denial was procedural, the petitioner must show 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" United States v. McRae, 793 F.3d 392, 397 (4th Cir. 2015) (quoting Slack, 529 U.S. at 484). Here, upon a thorough review of the record, the Court concludes that the Petitioner has not made the requisite showing.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record and *pro se* parties.

**DATED**: September 9, 2015

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE